ESTATE OF FRANK D. WATERMAN, DECEASED, FRED S. WATERMAN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22719.   Promulgated February 27, 1951.

*Donald M. Harris, Esq.*, for the petitioner.
*Graham Loving, Jr., Esq.*, for the respondent.

#### OPINION.

HILL, *Judge:* The respondent determined a deficiency in petitioner's income tax for the taxable year 1945 in the amount of $96.37. Petitioner claims an overpayment of income tax for that year in the approximate amount of $4,200. The only question presented is whether petitioner is entitled to a loss deduction in 1945 as a result of the collection of 10,000 pounds in payment in full of an indebtedness owed the Estate of Frank D. Waterman.

All of the facts have been stipulated and are so found.

Petitioner is the sole surviving executor of the estate of Frank D. Waterman, deceased. The decedent died May 6, 1938. Petitioner duly filed a fiduciary return for the estate for the taxable year 1945 with the collector of internal revenue for the third district of New York. The amount of the tax disclosed by the return was $18,038.96, which was paid in full to the collector at the time of filing the return.

Prior to decedent's death, L. G. Sloan, Ltd., (hereinafter referred to as Sloan) of London, England, was indebted to him personally in the sum of 10,000 pounds evidenced by a non-interest bearing bill of exchange due July 27, 1937. The origin or reason for decedent's loan to Sloan is not disclosed by the record.

The 10,000 pounds indebtedness of Sloan to the decedent was included in the gross estate of decedent for Federal estate tax purposes at a value, as finally determined, of $46,806.94. On April 18, 1945, Sloan deposited 10,000 pounds in a London bank. On July 2, 1945, that sum of 10,000 pounds was credited to the account of petitioner as executor of the estate of Frank D. Waterman in payment of the above-mentioned indebtedness of 10,000 pounds.

The petitioner's account at the London bank remained throughout the taxable year 1945 in what was known as a "blocked sterling account." A blocked sterling account throughout the taxable year 1945 was not convertible into dollars.

The official rate of exchange for accounts that were convertible into dollars throughout the taxable year 1945 was $4.04.

The petitioner claims a loss of $6,406.94 for the taxable year 1945. That loss was not claimed in the return filed for the estate for 1945. Petitioner raised this question in his petition assigning error as follows:

4. The respondent, in determining the alleged deficiency, erred in the following particulars:

a. In failing to determine that a loss was incurred by the estate [under section 23 (e), Internal Revenue Code], and that the estate was entitled to a deduction of the amount of the loss incurred, upon the collection in full by the estate in 1945 in the form of a blocked sterling account of an indebtedness owing to the estate, measured in pounds sterling, where the value of the sum collected, measured in dollars, was [$6,406.94] less than the value of the claim when acquired by the decedent's estate from the decedent,. also measured in dollars.

In his answer the respondent denied that allegation of error.

We agree with the respondent's position that petitioner did not prove a deductible loss for the year 1945 as a result of the transaction described above.

In order to deduct any loss under section 23 (e) (1), (2) or (3) of the Code, it must be shown that it was incurred in a trade or business, in a transaction entered into for profit or as a result of a casualty, such as fire, storms, etc. Hence under the circumstances of this case, before petitioner can be allowed a deduction under section 23 (e), he must show that the loan which decedent made to Sloan was connected with his trade or business or a transaction entered into for profit. The record here, however, does not show the circumstances surrounding the origin of the claimed loss.[1] The facts show only that the 10,000 pounds was a personal loan from decedent to the British company and that it was evidenced by a non-interest bearing bill of exchange. It is thus apparent that the petitioner has not sustained his burden of proof.

The petitioner argues that it is not necessary to explain the circumstances of the decedent's loan of 10,000 pounds to Sloan since the acquisition of the right to collect the 10,000 pounds for the benefit of decedent's estate was a new transaction, citing *N. Stuart Campbell*, 5 T. C. 272. That case is not parallel to the situation here. It involved the question of whether the taxpayer could deduct a loss under section 23 (e) (2) from the sale of real property which he inherited from his father. The taxpayer's father, prior to his death, had used the property as a private residence. As soon as possible after the

---

[1] In the opening statement at the hearing counsel for petitioner stated as follows:

* * * I have inquired. and don't know the exact origin of the debt. I do know that our decedent was the President and a major stockholder of the L. E. Waterman Company, makers of fountain pens, pencils and inks, and that Sloan's in London was the British sales representative of the Waterman Company.

death of his father the taxpayer placed the property in the hands of real estate agents for sale or rent. The Commissioner argued that the taxpayer's father's use of the property should "go over to the petitioner [taxpayer]." We held against the Commissioner pointing out that the important inquiry is: "To what use was the property put after it was acquired by inheritance?" Since the property was placed with the real estate agents for the purpose above stated, we held that the transaction so far as the taxpayer was concerned was one entered into for profit within the meaning of section 23 (e) (2).

We must assume in the state of the record here that the decedent's loan to Sloan was not connected with his trade or business or a transaction entered into for profit. And the mere fact that petitioner took over decedent's right to receive the 10,000 pounds for the benefit of decedent's estate, under the circumstances here, can not transform the loan in question into one connected with decedent's trade or business or a transaction entered into for profit. We therefore hold that the amount in question is not deductible under section 23 (e).

The respondent cited other reasons for disallowing the deduction in question, but in view of our disposition of the issue we need not discuss them.

*Decision will be entered under Rule 50.*